UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL GARCIA,

Plaintiff,

v.

GAVIN NEWSOM,

Defendant.

Case No. 2:26-cv-2556-TLN-JDP (PS)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff Michael Garcia brings this 42 U.S.C. § 1983 action against Governor Gavin Newsom. Plaintiff has filed an *in forma pauperis* application, ECF No. 2, which I will grant because it makes the requisite showing. However, because the Eleventh Amendment bars plaintiff's suit, I recommend that the complaint be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff brings a single section 1983 claim against Governor Newsom, asserting that the Governor has violated the "1st, 4th, 5th, 6th, 7th, 8th, 10th, 13th, 14th, 15th, [and] 16th amendments." ECF No. 1 at 4. Elsewhere plaintiff summarily lists "ADA violations," "hate crimes," and "civil rights violations. *Id.* at 5. He provides no factual allegations substantiating any claim. The only factual allegation he makes is that "Governor Gavin Newsom told [him], a taxpaying citizens [sic], it is not my job to oversee what my minnions [sic] do in my name." *Id.* Plaintiff requests $500,000,000 and criminal prosecution of Governor Newsom.[1] *Id.* at 6.

"The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v.*

[1] Plaintiff does not have a cognizable interest in the prosecution of another. *See Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) ("[T]he decision to prosecute is solely within the discretion of the prosecutor."); *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (noting that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

*Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996)). The Supreme Court has held that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted).

States can be subject to suit in federal court if (1) Congress enacts a law that authorizes such a suit, or (2) the state consents to be sued in a federal forum. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). However, the Court of Appeals has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999). Likewise, there is no indication that Governor Newsom has consented to this suit. Lastly, because plaintiff does not seek prospective relief but instead only damages, the exception articulated in *Ex Parte Young,* 209 U.S. 123 (1908) does not apply.

Accordingly, the complaint should be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Lastly, I note that since June 2026, plaintiff has filed at least 17 actions in this District. *See Garcia v. Jackson City Police*, 2:26-cv-2174-DAD-AC (E.D. Cal. 2026); *Garcia v. Jackson City Hall*, 2:26-cv-2175-DAD-JDP (E.D. Cal. 2026); *Garcia v. WCAB Lodi*, 2:26-cv-2252-DC-CSK (E.D. Cal. 2026); *Garcia v. WCAB*, 2:26-cv-2253-TLN-SCR (E.D. Cal. 2026); *Garcia v. WCAB Sacramento*, 2:26-cv-2254-DC-CSK (E.D. Cal. 2026); *Garcia v. Smith*, 2:26-cv-2300-TLN-CKD (E.D. Cal. 2026); *Garcia v. Zenith Insurance*, 2:26-cv-2395-DC-CKD (E.D. Cal. 2026); *Garcia v. Crew*, 2:26-cv-2396-TLN-CSK (E.D. Cal. 2026); *Garcia v. Bonta*, 2:26-cv-2420-DJC-CSK (E.D. Cal. 2026); *Garcia v. Sacramento Police Department*, 2:26-cv-2422-DC-SCR (E.D. Cal. 2026); *Garcia v. 2024-2025 Amador County Grand Jury*, 2:26-cv-2423-DC-AC (E.D. Cal. 2026); *Garcia v. California State Congress*, 2:26-cv-2433-TLN-CKD (E.D. Cal. 2026); *Garcia v. California State Senate*, 2:26-cv-2434-DAD-SCR (E.D. Cal. 2026); *Garcia v.*

*California State Legislature*, 2:26-cv-2435-DJC-AC (E.D. Cal. 2026); *Garcia v. California State Supreme Court*, 2:26-cv-2557-DAD-CKD (E.D. Cal. 2026); *Garcia v. California State Bar*, 2:26-cv-2558-DJC-AC (E.D. Cal. 2026).

In the two actions most recently filed, the assigned magistrate judge has recommended that the original complaint be dismissed without leave to amend because plaintiff brings a section 1983 claim against a state entity; the findings and recommendations in both actions remain pending. *See Garcia v. California State Supreme Court*, 2:26-cv-2557-DAD-CKD, ECF No. 3 (E.D. Cal. August 19, 2026); *Garcia v. California State Bar*, 2:26-cv-2558-DJC-AC, ECF No. 3 (E.D. Cal. July 28, 2026).

Accordingly, it is ORDERED that plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

Further, it is RECOMMENDED that:

1. Plaintiff's complaint, ECF No. 1, be DISMISSED without leave to amend.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 1, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE